# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                      No. 16-CV-00754-JCH-KK
                                              No. 08-CR-01369-JCH

ROBERT IRWIN PRATT,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Robert Irwin Pratt's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody.  [CV Doc. 1; CR Doc. 140]  Defendant contends that his sentence unlawfully was enhanced under the career-offender provision of the United States Sentencing Guidelines (U.S.S.G.), § 4B1.1, based on the United States Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  [CV Doc. 1 at 4; CR Doc. 140]  The Court concludes that Defendant's § 2255 motion was timely filed under the prison mailbox rule, but nonetheless concludes that Defendant is not entitled to relief because his sentence was enhanced based on two prior felony convictions for "controlled substance offense[s]," U.S.S.G. § 4B1.2(b), rather than under the residual clause definition of a "crime of violence," U.S.S.G. § 4B1.2(a).  Therefore, Defendant's § 2255 motion will be dismissed with prejudice, all pending motions will be denied as moot, a certificate of appealability will be denied, and judgment will be entered.

On June 18, 2008, Defendant was charged in a two-count Indictment with: (1) Count 1—conspiracy to possess 50 grams and more of a mixture and substance containing methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846; and (2) Count 2—possession with intent to distribute 50 grams and more of a mixture containing methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2.   [CR Doc. 28]   On August 18, 2009, the Government notified Defendant, pursuant to 21 U.S.C. § 851, that it intended to use Defendant's prior felony convictions in "Albuquerque District Court case number D-202-CR-99-1485 with consolidated cases D-202-CR-99-3002 and D-202-CR-99-3688 . . . to apply the enhanced penalty provisions of Title 21, United States Code, Section 841(b)(1)(B)." [CR Doc. 86]   *See* 21 U.S.C. § 841(b)(1)(B) (providing that a person convicted of certain drug offenses "after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment").   Defendant and the Government entered into a plea agreement, whereby Defendant agreed to plead guilty to Counts 1 and 2 of the Indictment and the Government agreed to recommend a sentence of 144 months of imprisonment pursuant to Fed. R. Crim P. 11(c)(1)(B). [CR Doc. 89]

The Probation Office prepared a Presentence Investigation Report (PSR), which determined that the base offense level for the offenses of conviction was 32 under U.S.S.G. § 2D1.1(c).   [PSR at 10]   The base offense level was increased to 34, because Defendant was a career offender under U.S.S.G. § 4B1.1 in light of the following two prior felony offenses:

> Trafficking (by Manufacture) (Methamphetamine), Second Judicial District Court, Albuquerque, New Mexico; Case No. CR 99-01485
>
> Trafficking (by Manufacture) (Methamphetamine), Second Judicial

District Court, Albuquerque, New Mexico; Case No. CR 99-03002

[PSR at 11]   Defendant's offense level was decreased by two points for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and decreased by one additional point for acceptance of responsibility under U.S.S.G. § 3E1.1(b), resulting in a total offense level of 31.   [PSR at 11] Based on Defendant's criminal history points and U.S.S.G. § 4B1.1(b), Defendant's criminal history category was determined to be VI.   [PSR at 26]   A total offense level of 31 and a criminal history category of VI resulted in an imprisonment range of 188 to 235 months under the U.S.S.G. [PSR at 34]

On December 1, 2009, the Court accepted Defendant's guilty plea and the plea agreement, adopted the findings in the PSR, and sentenced Defendant to the custody of the United States Bureau of Prisons to be imprisoned for a term of 144 months as to each Counts 1 and 2 of the Indictment, said terms to run concurrently, for a total term of 144 months of imprisonment.   [CR Doc. 112, 117]   Additionally, the Court imposed a term of supervised release of 8 years as to each Counts 1 and 2 of the Indictment, said terms to run concurrently, for a total term of 8 years of supervised release.   [CR Doc. 117]   The Court rendered judgment on Defendant's conviction and sentence on December 4, 2009.   [CR Doc. 117]   No appeal was filed and, therefore, Defendant's conviction became final fourteen days after the entry of judgment.   *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after. . . the entry of . . . the judgment . . .").

As a preliminary matter, the Court will address whether Defendant's § 2255 motion was

3

timely filed under § 2255(f), which imposes a one-year statute of limitation on § 2255 motions. *See United States v. DeClerk*, 252 F. App'x 220, 224 (10th Cir. 2007) (noting that "federal district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness" of a § 2255 motion) (internal quotation marks and citation omitted; unpublished).   Because Defendant seeks sentencing relief under *Johnson*, the timeliness of his motion is governed by § 2255(f)(3), which provides that the one-year statute of limitation begins to run on "the date on which right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   § 2255(f)(3); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005) (holding that a § 2255 "applicant has one year from the date on which the right he asserts was initially recognized by this Court" to file a § 2255 motion").   *Johnson* was decided on June 26, 2015 and, therefore, Defendant had one year from that date, or until June 27, 2016, to file his § 2255 motion.[1]   Defendant's § 2255 motion is dated June 24, 2016—three days before the expiration of the one-year deadline.   [CV Doc. 1 at 13 and 17; CR Doc. 140 at 13 and 17]   However, the motion was not received by the Court and filed on the docket until June 29, 2016—two days after the expiration of the one-year deadline.   Thus, the timeliness of Defendant's § 2255 motion depends on the application of the prison mailbox rule.

Pursuant to the prison mailbox rule, a prisoner's mailing "will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents."   *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005).   "However, the

---

[1]Because June 26, 2016 was a Sunday, a day on which the Clerk's Office was inaccessible, the one-year deadline was extended to Monday, June 27, 2016.   *See* Fed. R. Civ. P. 6(a)(3)(A) ("Unless the court orders otherwise, if the clerk's office is inaccessible . . . on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or a legal holiday; *see also United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that "calculation issues concerning AEDPA statutes of limitations should be resolved under the principles expressed in Rule 6(a)).

inmate must attest that such a timely filing was made and has the burden of proof on this issue."

*Id.* at 1165.   An inmate may establish a timely filing under the prison mailbox rule in one of two

ways:

> (1) alleging and proving that he or she made timely use of the
> prison's legal mail system if a satisfactory system is available, or (2)
> if a legal system is not available, then by timely use of the prison's
> regular mail system in combination with a notarized statement or a
> declaration under penalty of perjury of the date on which the
> documents were given to prison authorities and attesting that
> postage was prepaid.

*Id.* at 1166; *see also* 28 U.S.C. § 1746 (setting forth the requirements for unsworn declarations

under penalty of perjury).

Defendant's § 2255 motion includes the following "CERTIFICATE OF SERVICE":

> I hereby certify that on this Date I have made and served a true and
> correct copy of this Petition for Review and Resentencing Pursuant
> to Johnson v. United States, under Title 28 U.S.C. section 2255 on
> the Clerk for the District Court, using the inmate filing and mail
> system (mailbox rule) Houston v. Lack, 101 L.Ed 2d 245 (1988) by
> placing the same in a postage prepaid, first class, sealed envelope
> and deposited same at the Federal Prison Camp La Tuna, P.O. Box
> 8000 Anthony Texas, 88021.
>
> I declare under penalty of perjury pursuant to the laws of the United
> States, Title 28 U.S.C. § 1746 that the foregoing is true and correct.
>
> Date:   __June 24, 2016_____

[CV Doc. 1 at 17; CR Doc. 140 at 17]   The Court concludes that Defendant's § 2255 motion was

timely filed under the prison mailbox rule because it was placed in the prison mailing system prior

to the expiration of the one-year deadline and it includes a declaration, signed under penalty of

perjury, attesting the date on which the motion was given to prison authorities for mailing and that

postage was first-class prepaid.

Having determined that Defendant's § 2255 motion was timely filed, the Court next

considers whether Defendant is entitled to sentencing relief under *Johnson*.   In *Johnson*, the

United States Supreme Court considered whether the residual clause of the Armed Career

Criminal Act (ACCA) violates the due process clause of the United States Constitution.   In

general, the maximum term of imprisonment for a defendant convicted of being a felon in

possession of a firearm is ten years.   *See* 18 U.S.C. § 924(a)(2).   "But if the violator has three or

more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career

Criminal Act increases his prison term to a minimum of 15 years and a maximum of life."

*Johnson*, 135 S.Ct. at 2555 (quoting § 924(e)(1)).   The ACCA defines a "violent felony" as

follows:

> any crime punishable by imprisonment for a term exceeding one
> year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of
> physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or*
> *otherwise involves conduct that presents a serious potential risk of*
> *physical injury to another*

§ 924(e)(2)(B) (emphasis added).   The Court held that the residual clause of § 924(e)(2)(B)(ii),

which is the italicized portion excerpted above, "denies fair notice to defendants and invites

arbitrary enforcement by judges."   *Johnson*, 135 S. Ct. at 2557.   Therefore, "imposing an

increased sentence under the residual clause of the Armed Career Criminal Act violates the

Constitution's guarantee of due process."   *Id*. at 2563.   The United States Supreme Court has

determined that *Johnson*'s holding is retroactively applicable to cases on collateral review.   *See*

*Welch v. United States*, 136 S. Ct. 1257 (2016).

In the present case, Defendant's sentence was not enhanced under the ACCA, but under the

career-offender provision in U.S.S.G. § 4B1.1, which contains a residual clause virtually identical

6

to the one invalidated in *Johnson*.   *See* U.S.S.G. § 4B1.2 (defining a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-- (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" (emphasis added)).   In *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015), the United States Court of Appeals for the Tenth Circuit held that "[t]he concerns about judicial inconsistency that motivated the Court in *Johnson*, lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague.   If one iteration of the clause is unconstitutionally vague, so too is the other."[2]

Notably, pursuant to *Johnson* and *Madrid*, only the *residual clause* of the ACCA and the career-offender provision of the U.S.S.G., both of which define a "violent felony" or a "crime of violence," respectively, as a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another," are unconstitutionally vague.   *See* 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a)(2).   However, Defendant's sentence was not enhanced on the basis of the definition of a "crime of violence" in the U.S.S.G., much less under the residual clause of that definition.   Rather, Defendant's sentence was enhanced because he had two prior felony convictions of "a controlled substance offense."   U.S.S.G. § 4B1.1(a).   A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing

---

[2] The United States Court of Appeals for the Tenth Circuit has not yet determined whether *Johnson* applies retroactively on collateral review to the residual clause definition of a "crime of violence" in the U.S.S.G.   That question currently is pending before the United States Supreme Court in *Beckles v. United States*, No. 15-854.   The Court need not determine whether *Johnson* applies retroactively to the U.S.S.G., because Defendant's sentence was not enhanced under the U.S.S.G. for a "crime of violence."

of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).   Neither *Johnson* nor *Madrid* invalidated the definition of a "serious drug offense" under the ACCA, *see* 18 U.S.C. § 924(e)(2)(A), or the definition of a "controlled substance offense" under the career-offender provision of the U.S.S.G., *see* U.S.S.G. § 4B1.2(b). *See United States v. Turner*, 624 F. App'x 624, 626 (10th Cir. 2015) (holding that *Johnson* was inapplicable to the defendant's § 2255 motion, because the defendant "was convicted under § 924(e)(1) based on three earlier convictions for 'serious drug offense[s] under § 924(e)(2)(A)'") (unpublished).   On the basis of the foregoing, the Court concludes that Defendant plainly is not entitled to relief on his § 2255 motion.   Therefore, his § 2255 motion will be dismissed with prejudice, all pending motions will be denied as moot, and judgment will be entered.

The Court further determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody [CV Doc. 1; CR Doc. 140] is DISMISSED with prejudice; all pending motions are DENIED as moot; a certificate of appealability is DENIED; and judgment will be entered.


_____
UNITED STATES DISTRICT COURT JUDGE